## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

PLASTICS INDUSTRY ASSOCIATION, INC.,

            *Plaintiff*,

    v.

ROB BONTA, in his Official Capacity as Attorney General of California,

            *Defendant.*

Civil Action
No. 1:24-cv-01542-APM

### STATUS REPORT

Pursuant to the Court's Minute Order of July 15, 2024, the Plaintiff, by its undersigned counsel, respectfully submits this status report. Plaintiff sought to submit a joint status report, as directed by this Court's Order. Dkt. 10. After a meet and confer at approximately 5pm EST yesterday evening, which included counsel for American Chemistry Council (ACC), Plaintiff submitted a draft joint status report to Defendant at 12:53pm EST today.  Instead of contributing to the joint status report, Defendant filed a motion for extension of time to which Plaintiff did not consent. Plaintiff will submit an opposition to Defendant's contested motion tomorrow. Defendant then failed to substantively respond to the Plaintiff's proposed draft or otherwise provide consent for Plaintiff to file a joint report until 8:29pm

EST, at which point Defendant proposed an entirely rewritten draft that did not accurately or fully represent Defendant's position.

To summarize, the parties have met and conferred to propose a schedule for briefing of the preliminary injunction in this matter, and have conferred with counsel for the Plaintiff in *American Chemistry Council v. Bonta*, No. 24-cv-1533 (D.D.C.), to determine how best to coordinate the efficient consideration of both matters. Although Plaintiff and ACC are largely in agreement about how to proceed, they have been unable to reach a joint proposed briefing schedule with Defendant. Plaintiff makes the following submission based on its conversations with counsel for ACC:

The preliminary injunction motion in *American Chemistry Council* is fully briefed, and Plaintiff understands that the parties in that matter agree the motion is ripe for decision. Plaintiff in *Plastics Industry Association* would likewise seek an expeditious briefing schedule, as contemplated by the Court's local rules, with the Defendant's opposition to the motion for preliminary injunction currently set to be due on or before July 19, 2024, under this Court's rules, *see* LCvR 65.1(c), and would respectfully request that any reply brief be due on or before July 24, 2024.

The Defendant sought consent from the Plaintiff in *Plastics Industry Association* for an extension of time in which to respond to the Plaintiff's motion for preliminary injunction. The Plaintiff offered to consent to a less expeditious briefing

schedule, including an extension of time for Defendant to oppose the preliminary injunction motion, if Defendant would agree to temporarily stay his related California action pending this Court's disposition of the preliminary injunction motion. Because Defendant will not consent to such a stay, Plastics Industry Association cannot consent to any extension of time for Defendant to respond to the preliminary injunction motion. While the Defendant's request for an Order to Show Cause in the California litigation remains pending, Plaintiff faces a credible and impending threat of being forced to surrender the documents that form the basis for this dispute—thereby effectively mooting its request for injunctive relief in this case. It is Plaintiff's position that Defendant should not be permitted to move expeditiously in the California enforcement matter while at the same time attempting to slow the resolution of this matter, in which Plaintiff seeks to enjoin the California enforcement matter. Further, Plaintiff contends that it is a waste of litigation resources for the California action to proceed while a preliminary injunction that could moot the action remains pending.

As for further briefing, Plaintiff and ACC are willing to coordinate their motion-to-dismiss briefing on common issues of law to make resolution of both matters more efficient despite this disagreement among the parties. The deadlines for the Defendant to answer or otherwise respond to Plaintiff's and ACC's respective complaints is the same in both actions: July 18, 2024. If, as Plaintiff and ACC have

reason to expect, the Defendant's motions to dismiss offer similar attacks on the common issues of law between the cases, Plaintiff and ACC would be willing to present the Court with a single consolidated brief addressing the common issues with shorter individual briefs for any individual issues.

Dated: July 17, 2024

Respectfully submitted,

Manesh Kumar Rath
(DC Bar No. 457835)
KELLER HECKMAN LLP
1001 G Street NW
Suite 500 West
Washington, DC 20001
(202) 434-4182
(202) 434-4646 (fax)
rath@khlaw.com

s/Michael W. Kirk
Michael W. Kirk
(DC Bar No. 424648)
Adam P. Laxalt
(DC Bar No. 1670779)
John D. Ohlendorf
(DC Bar No. 1024544)
Athanasia O. Livas
(DC Bar No. 90011199)
COOPER & KIRK, PLLC
1523 New Hampshire Avenue, NW
Washington, D.C. 20036
(202) 220-9600
(202) 220-9601 (fax)
mkirk@cooperkirk.com
alaxalt@cooperkirk.com
johlendorf@cooperkirk.com
alivas@cooperkirk.com

*Attorneys for Plaintiff Plastics Industry Association, Inc.*