**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| PLASTICS INDUSTRY ASSOCIATION, <br><br> *Plaintiff*, <br><br> v. <br><br> ROB BONTA, in his Official Capacity as Attorney General of California, <br><br> *Defendant*. | No. 1:24-cv-01542-APM |

**PLASTICS' UNOPPOSED MOTION TO PARTIALLY SEAL SUPPORTING DECLARATION BY REDACTING IDENTIFYING INFORMATION AND/OR TO SUBMIT UNREDACTED *IN CAMERA EX PARTE* DECLARATIONS FOR THE COURT'S REVIEW[1]**

Plaintiff Plastics Industry Association ("PLASTICS") respectfully moves for leave to partially seal the member declaration submitted in support of PLASTICS' Motion for a Temporary Restraining Order and Preliminary Injunction and, if the Court wishes, to submit *in camera* and *ex parte* an unredacted version of the same declaration for the Court's review.

**BACKGROUND**

PLASTICS brought suit to enjoin the Defendant, California Attorney General Rob Bonta, from forcing PLASTICS to produce constitutionally protected documents and communications, the disclosure of which would chill PLASTICS' speech, associational, and petitioning rights under the U.S. and California Constitutions. To relieve the ongoing and increasing chill to PLASTICS' constitutional rights, PLASTICS has filed a Motion for a Temporary Restraining Order and Preliminary Injunction. In support of the motion, a PLASTICS member has drafted a declaration

---

[1] Counsel for Mr. Bonta informed counsel for PLASTICS that it does not oppose this motion.

detailing the harm Mr. Bonta's actions have caused to the exercise of their First Amendment rights. In order to protect the declarant's identity, and the identities of PLASTICS' members more broadly, PLASTICS proposes to redact identifying information in the declaration while filing publicly the substance of the declaration.

## LEGAL STANDARD

*United States v. Hubbard*, 650 F.2d 293 (D.C. Cir. 1980) sets forth the six-factor test that courts in this Circuit generally apply to determine whether court records should be sealed. The factors are: (1) the need for public access to the documents at issue; (2) the extent to which the public had access to the document prior to the sealing order; (3) the fact that a party has objected to disclosure and the identity of that party; (4) the strength of the property and privacy interests involved; (5) the possibility of prejudice to those opposing disclosure; and (6) the purpose for which the documents were introduced. *Id.* at 317–21; *see also In re Leopold*, 964 F.3d 1121, 1127 (D.C. Cir. 2020) ("The *Hubbard* test has consistently served as our lodestar for evaluating motions to seal or unseal judicial records because it ensures that we fully account for the various public and private interests at stake.") (cleaned up).

## ARGUMENT

Each of the *Hubbard* Factors weighs in favor of permitting PLASTICS to file under seal the unredacted declaration of its member.

First, the public has no material need for disclosure of member identifying information, which PLASTICS and its members generally hold confidential in the ordinary course of advocacy formulation and decision-making, and here would reveal First Amendment-privileged information about their petitioning conduct. Nor has the public previously had access to the declaration. Further, the public's interest in access is satisfied by PLASTICS' public filing of the redacted

declaration attached hereto, which leaves all substantive information unredacted. "[W]here both the public interest in access and the private interest in non-disclosure are strong, partial or redacted disclosure would satisfy both interests." *See Hubbard*, 650 F.2d at 324–25.

Further, it is PLASTICS, not a third party, that objects to public disclosure of the member's identity. See *DRC, Inc. v. Republic of Honduras*, No. 10-0003 (PLF)(AK), 2011 WL 13257869, at *6 (D.D.C. Aug. 22, 2011) ("Under *Hubbard*, when a party moves to seal court records, the motion itself weighs in favor of a decision to seal."); *EEOC v. Nat'l Children's Ctr., Inc.*, 98 F.3d 1406, 1410 (D.C. Cir. 1996).

And PLASTICS' privacy interest in maintaining the confidentiality of its membership weighs strongly in favor of partial sealing. PLASTICS seeks to protect its members' identities to ensure that core First Amendment protections of speech and association are not chilled. *See, e.g., Perry v. Schwarzenegger*, 591 F.3d 1147, 1161–62 (9th Cir. 2010) (holding that the First Amendment privilege applies to the identity of members and to internal campaign communications). The First Amendment does not take disclosure of member identities lightly, and "[t]he Supreme Court has long recognized that compelled disclosure of political affiliations and activities can impose just as substantial a burden on First Amendment rights as can direct regulation." *AFL-CIO v. FEC*, 333 F.3d 168, 175 (D.C. Cir. 2003).

So too, PLASTICS faces a substantial risk of prejudice if it is not permitted to seal its member's identifying information. Courts consider "whether disclosure of the documents will lead to prejudice in future litigation to the party seeking the seal." *Friedman v. Sebelius*, 672 F. Supp. 2d 54, 60 (D.D.C. 2009). The mere possibility of prejudice satisfies this factor. S*carborough v. Nat'l Ass'n of Sur. Bond Producers*, 474 F. Supp. 2d 64, 66 n.4 (D.D.C. 2007) (granting plaintiffs' motion to seal because "the potential prejudice suffered by the plaintiffs by the public availability

3

of the [document] during the pendency of th[e] litigation outweighs whatever generalized public interest there may be for access to [that document]").

Here, prejudice from publicizing the member's identity is not only a possibility, it is a certainty. The confidentiality of its members' identities is one of the core privacy interests PLASTICS seeks to defend in bringing this suit. Were the identities of members made public, a core claim in PLASTICS' Complaint—that compelled disclosure of member identities constitutes irreparable harm to PLASTICS and its members' rights—would be rendered meaningless. In an analogous situation, the Court explained that "[a]ny later court-imposed barrier against the very reputational damages that the company asserts would result were the TRO not issued would be rendered meaningless if, before the TRO is even adjudicated, the [reputation-damaging facts] ha[ve] been made public" through a public filing. *John Doe Co. v. Consumer Fin. Prot. Bureau*, 321 F.R.D. 31, 34 (D.D.C. 2017). The same is true here.

The last *Hubbard* factor, which concerns the purpose for which documents were introduced, also weighs in favor of partial sealing. Here, the unredacted declaration could be submitted *in camera* and *ex parte* if the Court wishes to assure itself that the declaration has been appropriately executed by a properly situated declarant. And the redactions do not conceal substantive information that might inform the Court's decision about the Motion for a Preliminary Injunction. Moreover, the weight accorded to the sixth factor depends on "context," particularly the damage that would be done by unsealing. *CNN, Inc. v. FBI*, 984 F.3d 114, 120 (D.C. Cir. 2021). The irreparable harm of disclosure to the constitutional rights of PLASTICS and the declarant outweighs any competing considerations.

**CONCLUSION**

PLASTICS requests that the unopposed motion for leave to file partially under seal be granted.

Dated:  September 23, 2024                    Respectfully submitted,

Manesh Kumar Rath                            /s/Michael W. Kirk
(DC Bar No. 457835)                          Michael W. Kirk
KELLER HECKMAN LLP                           (DC Bar No. 424648)
1001 G Street NW                             Adam P. Laxalt
Suite 500 West                               (DC Bar No. 1670779)
Washington, DC 20001                         John D. Ohlendorf
(202) 434-4182                               (DC Bar No. 1024544)
(202) 434-4646 (fax)                         Brian W. Barnes
rath@khlaw.com                               (DC Bar No. 1018419) Athanasia
                                             O. Livas
                                             (DC Bar No. 90011199)
                                             COOPER & KIRK, PLLC
                                             1523 New Hampshire Avenue, NW
                                             Washington, D.C. 20036
                                             (202) 220-9600
                                             (202) 220-9601 (fax)
                                             mkirk@cooperkirk.com
                                             alaxalt@cooperkirk.com
                                             johlendorf@cooperkirk.com
                                             alivas@cooperkirk.com

*Attorneys for Plaintiff*

5