## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

PLASTICS INDUSTRY ASSOCIATION,

    *Plaintiff,*

    v.

ROB BONTA, in his Official Capacity as
Attorney General of California,

    *Defendant.*

No. 1:24-cv-01542-APM

## DECLARATION OF ████████████

I, ████████████, pursuant to 28 U.S.C. § 1746, hereby declare as follows:

1.    I am at least eighteen years of age, am competent to testify as to all matters stated herein, am under no legal disability which would preclude me from testifying, and have personal knowledge of the facts contained herein.

2.    I am employed by ████████ ("the Company") as its ████████ ████████

3.    The Company is a member of the Plastics Industry Association (PLASTICS) and has been an active member of PLASTICS for a number of years, participating in various association activities and workgroups. PLASTICS is a member-run, non-profit trade association that represents the interests of members from every component of the plastics supply chain, including manufacturers. The specific PLASTICS activities and workgroups with which the Company is involved are not known publicly, and the Company expects that information to be kept private and not disclosed to anyone outside of the association.

4.    To maintain its privacy and not publicly disclose its advocacy efforts, the Company

has purposely not itself engaged in public comment or petitioned the government on certain topics. Instead, PLASTICS and similar trade associations are the primary vehicle through which the Company advocates publicly and petitions the government on such topics. Because of the California Attorney General's subpoena, the Company has modified how it is communicating concerning PLASTICS' and other associations' activities.

5.    The Company and its representatives are aware that Defendant Rob Bonta, the California Attorney General, issued a subpoena to PLASTICS seeking documents related to PLASTICS and its members' internal activities.

6.    The Company and its representatives expected that associational communications with PLASTICS staff and other PLASTICS members were confidential and would remain nonpublic. We believe the ability to internally vet the pros and cons of policy positions requires confidentiality, including confidentiality from the government, in order to devise the most advisable strategic positions for PLASTICS and its members without fear of governmental intrusion or reprisal. The Company and its representatives expected that their internal strategic deliberations would not be identified publicly, especially identified publicly to those who oppose our views and are in a position to seek reprisal against those with opposing views. It was and is essential to the Company and its representatives that we are able to express views freely within the PLASTICS association without fear of disclosure beyond the association in order to have an honest and candid internal exchange of ideas, without fear of having our communications taken out of context or unfairly attacked outside the association, and/or give rise to government investigation or public backlash against the Company because of our privately expressed views.

7.    The Company and its representatives further fear that knowledge of our involvement in supporting PLASTICS in its current efforts to resist the subpoena from the

California Attorney General and preserve the First Amendment rights of PLASTICS and its members, including the fact that we are providing this very declaration in support of PLASTICS, could lead to retaliatory action from the California AG and other governmental and non-governmental actors, including intimidation, harassment, and investigation.

8.      If PLASTICS is forced to produce non-public documents in response to the subpoena that reveal the internal associational beliefs, strategies, and activities of PLASTICS and its members, the Company or its representatives will be less willing to communicate with PLASTICS and its associated members in the future for fear of similar required disclosures. Disclosure of future collaboration with PLASTICS and its associated members on advocacy could subject the Company or its representatives to multiple unfair reprisals, including hostile press, public protests, and adverse governmental action, all due to the exercise of our First Amendment right to associate and speak candidly within our organization about how best to advocate our viewpoints and to petition and lobby the government on issues of interest to us.

9.      One of the reasons the Company chooses to associate with PLASTICS is so that it may speak confidentially and privately with like-minded entities on matters of mutual interest, all with the expectation that those private comments remain non-public.

10.     The California Attorney General's subpoena has already degraded the Company's ability to associate on matters of common interest. If PLASTICS is ordered to comply with the subpoena and disclose the identities, communications, and viewpoints of its members, it would essentially eliminate our ability to associate and the effectiveness of those associational efforts. We would not only be hesitant to continue to associate and communicate, we would reconsider our membership entirely.

11.     As a result of the efforts by the California Attorney General seeking disclosure of

internal associational communications, I and others in the Company have been more restrained, guarded, and limited in sharing our thoughts and views on public policy issues with trade associations like PLASTICS and its members. We have already adjusted how we engage in an effort to not invite any unwarranted scrutiny or criticism from outside of associations like PLASTICS. There is a fear that our communications, once disclosed, may make us a target of retaliation to diminish or totally shut down our views on policy impacting the industry

Executed on this __20th__ day of __September, 2024__ within the United States.