UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **PLASTICS INDUSTRY ASSOCIATION,** | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) )  Civil No. 24-cv-1542 (APM) |
| **ROB BONTA,** *Attorney General of the State of California,* | ) ) ) ) |
| Defendant. | ) ) ) |

## MEMORANDUM OPINION

This case arises out of an investigation by Defendant Rob Bonta, the Attorney General of the State of California, into whether the fossil fuel and petrochemical industries made representations about the viability of plastics recycling that violated California law. As part of his investigation, Defendant served a documents preservation letter and a subpoena on Plaintiff Plastics Industry Association ("Plastics"), an industry group based in Washington, D.C. Plastics asserts that some of the documents sought by Defendant are privileged under the First Amendment. Plastics filed the instant suit under 42 U.S.C. § 1983 to enjoin Defendant from enforcing the subpoena and further pursuing his investigation to the extent it involves Plastics.

Plastics twice before moved for injunctive relief to prevent the compelled disclosure of the allegedly privileged documents, but the court denied those motions because they failed to establish a substantial likelihood of success as to personal jurisdiction and on the merits. *See* Mem. Op. & Order Denying Pl.'s Mot. for Prelim. Injunct. & TRO, ECF No. 21 [hereinafter TRO Mem. Op.]; Mem. Op. & Order Denying Pl.'s Renewed Mot. for Prelim Injunct & TRO., ECF No. 35 [hereinafter Renewed TRO Mem. Op.].

Defendant now moves to dismiss this suit on those two grounds and others. For the reasons stated below, the court grants the motion because it lacks personal jurisdiction over Defendant.

I.  **BACKGROUND**

The court assumes the parties' familiarity with the facts of this case, but briefly recounts those most pertinent. On April 28, 2022, Defendant issued a press release announcing an investigation into the "fossil fuel and petrochemical industries for their role in causing and exacerbating the global pollution crisis." Am. Compl., ECF No. 22 [hereinafter Am. Compl.], ¶ 25. The same day, Defendant served Plastics via a process server a "Preservation Notice" at its Washington, D.C. headquarters. *Id.* ¶ 24.

Nearly three months later, on July 27, 2022, Defendant sent via Federal Express to Plastics' counsel in the District of Columbia a subpoena requesting "all documents and communications that were at any time housed at, on loan to, or in the possession of the Hagley Museum and Library, located in Wilmington, Delaware." *Id.* ¶¶ 27–28.[1] According to Plastics, the subpoena sought documents that contained internal communications with its members, information about "the identities of individual members and leadership," the organization's "lobbying strategy and activities," and its "political or policy views and perspectives on proposed or recently enacted legislation." *Id.* ¶¶ 29–33.

Over the next year, Plastics disclosed certain responsive documents but raised objections as to others. *Id.* ¶¶ 34–40. In July 2023, Plastics delivered to Defendant a privilege log, asserting a First Amendment privilege over withheld records. *Id.* ¶¶ 40–41. Eight months went by without

---

[1] The complaint itself does not identify the specific means of serving the subpoena or its recipient and location. Nevertheless, to satisfy itself that it has personal jurisdiction, the court may look beyond the allegations of the complaint. *See Triple Up Ltd. v. Youku Tudou Inc.*, 235 F. Supp. 3d 15, 20 (D.D.C. 2017). Plastics' earlier-filed exhibits establish service of the subpoena via Federal Express upon Plastics' counsel at its offices in the District. *See* Plastics' Mot. for Prelim Injunct. & TRO, ECF No. 10 [hereinafter Plastics' TRO Mot.], Ex. 8, ECF No. 10-3 [hereinafter "Ex. _"], at 46, 58 (CM/ECF pagination).

a response.  Then, in April 2024, Defendant issued a demand letter to Plastics, rejecting its First Amendment privilege claim and stating that his office would seek to enforce the subpoena.  *Id.* ¶ 42.  Defendant also asserted that his staff could view Plastics' documents stored at the Hagley without Plastics' consent, so long as he provided "prior notice."  *Id.* ¶ 43.

To stave off compelled disclosure, Plastics filed suit before this court on May 24, 2024.  *Id.*; *see also* Compl., ECF No. 1.  Four days later, Defendant filed a Petition to Enforce Investigative Subpoena and an Ex Parte Application to Show Cause in California state court.  Am. Compl. ¶ 44.  Defendant attempted to personally serve the Application on Plastics in the District, but after multiple unsuccessful attempts, Plastics agreed to accept service through email.  *Id.*  Plastics also retrieved its records stored at the Hagley due to Defendant's threat to access them unilaterally.  *Id.* ¶ 61.

Six weeks after filing suit, Plastics moved to temporarily restrain and preliminarily enjoin Defendant from enforcing the subpoena.  *See* Plastics' TRO Mot.  The court denied the motion for failure to establish a substantial likelihood of success as to personal jurisdiction over Defendant.  *See generally* TRO Mem. Op.  Plastics then amended its complaint to add allegations regarding Defendant's contacts with the District, *see, e.g.*, Am. Compl. ¶ 14, and it once more moved for injunctive relief, *see* Pl.'s Renewed Mot. for Prelim. Injunct. & TRO, ECF No. 25.  The court again denied Plastics' renewed motion, this time both for failure to establish personal jurisdiction and on the merits.  *See generally* Renewed TRO Mem. Op.

Days after opposing injunctive relief, Defendant moved to dismiss the complaint on essentially the same grounds.  *See* Def.'s Mot. to Dismiss, ECF No. 30 [hereinafter Def.'s Mot.].

## II. LEGAL STANDARD

Because the absence of personal jurisdiction is dispositive, the court only addresses that issue. On a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2), the plaintiff bears the burden of "establishing a factual basis" for a court's "exercise of personal jurisdiction over the defendant." *Crane v. New York Zoological Soc.,* 894 F.2d 454, 456 (D.C. Cir. 1990); *Duarte v. Nolan*, 190 F. Supp. 3d 8, 11 (D.D.C. 2016). A plaintiff meets this burden by "alleg[ing] specific acts connecting the defendant with the forum." *Second Amend. Found. v. U.S. Conf. of Mayors*, 274 F.3d 521, 524 (D.C. Cir. 2001) (cleaned up). Any "factual discrepancies appearing in the record must be resolved in favor of the plaintiff." *Crane*, 894 F.2d at 456; *Capel v. Capel*, 272 F. Supp. 3d 33, 38 (D.D.C. 2017). A plaintiff cannot, however, "rely on conclusory allegations" to establish personal jurisdiction over the defendant. *Duarte*, 190 F. Supp. 3d at 11 (internal quotation marks omitted).

## III. DISCUSSION

Plastics asserts that the court has personal jurisdiction over Defendant based on three contacts with the District of Columbia. First, the court "has personal jurisdiction over [Defendant] because [he] personally served via process server a 'preservation notice' regarding the disputed documents" at Plastics' headquarters in the District. Am. Compl. ¶ 14. Second, Defendant "attempted to serve [Plastics] with notice of his California lawsuit similarly via process server in the District . . . , and ultimately served [Plastics] via email in the District[.]" *Id.* And, third, Defendant's "subpoena seeks documents" from Plastics that it must review and produce "from its offices" in the District. *Id.* According to Plastics, these contacts collectively establish that Defendant "'purposefully directed' his investigation activity" to the District, and that Plastics' "claims 'arise' from contacts with Defendant in the District . . . because compliance by [Plastics]

4

must occur in the District." *Id.* Plastics argues that these contacts suffice to establish personal jurisdiction under D.C. Code § 13-423(a)(1), (a)(3), and (a)(4). *See* Mem. of P&A in Opp'n to Def.'s Mot., ECF No. 34 [hereinafter Pl.'s Opp'n], at 16–22.

The court previously rejected these very arguments in the context of Plastics' motions for injunctive relief. *See* TRO Mem. Op. at 12–20; Renewed TRO Mem. Op. at 3–8. Those decisions are not dispositive, however, because the plausibility standard applicable on a motion to dismiss is less stringent than the likelihood of success that Plastics was required to show to secure an injunction. *See In re Fed. Bureau of Prisons' Execution Protocol Cases,* 980 F.3d 123, 134 (D.C. Cir. 2020); *Food & Water Watch, Inc. v. Vilsack*, 808 F.3d 905, 913 (D.C. Cir. 2015). Still, even applying the more relaxed Rule 12(b)(2) standard, the court finds that Plastics has failed to plead a factual basis for personal jurisdiction over Defendant.

*First*, personal service of the Preservation Notice did not create the necessary contacts with the District to establish personal jurisdiction under either subsection (a)(1) or (a)(3) of the D.C. long-arm statute. Under both, a plaintiff's suit must "aris[e] from" the jurisdiction-conferring contacts. D.C. Code § 13-423(b). The D.C. Circuit has emphasized that, under subsection (a)(1), jurisdiction "is limited to claims arising from the particular transaction of business in the District." *World Wide Mins., Ltd. v. Republic of Kazakhstan*, 296 F.3d 1154, 1168 (D.C. Cir. 2002) (emphasis added) (internal quotation marks and citation omitted); *accord Li v. Li*, No. 23-7052, 2024 WL 4601521, at *2 (D.C. Cir. Oct. 29, 2024) (quoting *World Wide Mins.*, 296 F.3d at 1168). And subsection (a)(3) "is a precise and intentionally restricted tort section, . . . which stops short of the outer limits of due process, . . . and which confers jurisdiction only over a defendant *who commits an act in the District* which causes an injury in the District[.]" *Forras v. Rauf*, 812 F.3d

5

1102, 1107 (D.C. Cir. 2016) (emphasis in original) (quoting *Moncrief v. Lexington Herald-Leader Co.*, 807 F.2d 217, 221 (D.C. Cir. 1986)).

Here, Plastics alleges that each of its First Amendment claims arose from Defendant's "issuance of the subpoena" and demands for production, which occurred *outside* the District, not from personal delivery of the Preservation Notice. Am. Compl. ¶ 72 (Count I) (alleging that Defendant's "issuance of the subpoena and subsequent demand for access to privileged documents violates Plaintiff's First Amendment rights and the rights of its current and former Members by demanding that PLASTICS turn over confidential and privileged materials"); *id.* ¶ 90 (Count II) (asserting that Defendant's "issuance of the subpoena violates Plaintiff's First Amendment rights and the rights of its current and former members with respect to the freedom of speech by demanding that PLASTICS turn over confidential and privileged materials"); *id.* ¶ 92 (Count III) (claiming that Defendant's "issuance of the subpoena violates Plaintiff's First Amendment rights and the rights of its current and former members by demanding that PLASTICS turn over confidential and privileged materials, including those that are integral parts of the free exercise of the right to petition the government for redress of grievances").[2] Indeed, the complaint expressly states that Plastics' claimed First Amendment injuries resulted from the fear of compelled *disclosure* of records subject to the privilege—a threat that materialized two years *after* service of the Preservation Notice, when Defendant for the first time rejected Plastics' asserted First Amendment privilege claim. *See id.* ¶ 42; *see also id.* ¶ 51 ("Mr. Bonta's demand is plain: PLASTICS must relinquish its First Amendment rights and the rights of all of its current and

---

[2] Plastics asserts an additional claim for violation of the Fourth Amendment based on Defendant's threat to enter the Hagley to review records without Plastics' consent. Am. Compl. ¶¶ 93–101. That claim arose from "correspondence," dated April 29, 2024, from Defendant (in California) to Plastics (through its District-based counsel). *Id.* ¶ 43; Plastics' TRO Mot., Ex. 6 (April 29, 2024 letter). Plastics does not assert that this communication is sufficient to establish personal jurisdiction for this fourth cause of action or any other.

former members, by producing all documents stored at the Hagley . . . ."); *id.* ¶ 65 ("PLASTICS staff have stated that the act of disclosure of privileged documents will have an immediate and dramatic chilling effect on PLASTICS."); *id.* ¶ 68 ("The chilling effect that will result from forced disclosure of privileged documents . . . compromises PLASTICS' ability to function effectively"); *id.* ¶ 70 ("PLASTICS has limited its own fully candid speech to its members, due to fear that the California Attorney General will demand unlimited access to such communications[.]"). Plastics makes no claim that it suffered any First Amendment harm from its mere receipt of the Preservation Notice in the District. *See generally* Am. Compl. So, this suit did not "arise from" that act for purposes of subsection (a)(1) or (a)(3).

Plastics' attempt to analogize this case to this court's decisions in *Media Matters* v. *Paxton* and *Media Matters v. Bailey* is misplaced. *See* Pl.'s Opp'n at 2, 16–17. In both cases, the Attorneys General's in-forum contacts directly caused the media plaintiff's First Amendment injuries. *Media Matters for Am. v. Paxton*, 732 F. Supp. 3d 1, 18–20 & n.6 (D.D.C. 2024) (Defendant's hiring of a process server in the District of Columbia gave direct rise to claimed First Amendment injuries); *Media Matters for Am. v. Bailey*, No. 24-cv-147 (APM), 2024 WL 3924573, at *7 (D.D.C. Aug. 23, 2024) ("Defendant Bailey's contracting with an agent to cause personal service of alleged retaliatory process established the requisite minimum contacts with the District."). The same cannot be said here.

*Second*, Defendant's other alleged contacts do not establish long-arm jurisdiction under § 13-423(a)(1) or any other provision. In addition to the personally served Preservation Notice, Plastics points to: (1) Defendant's service of the subpoena via Federal Express at Plastics' counsel's office in the District, Am. Compl. ¶ 27; n. 1, *supra*; (2) the future course of conduct the subpoena established with Plastics; (3) tortious injury caused in the District, *i.e.*, the chilling of

7

Plastics' First Amendment rights, *see* D.C. Code § 13-423(a)(3); and (4) Defendant's "persistent course of conduct" in the District, *id.* § 13-423(a)(4). Pl.'s Opp'n at 18–22. The court previously held that Defendant's express mailing of process to the District is insufficient to establish personal jurisdiction. *See* TRO Mem. Op. at 14 ("The one-time mailing of a subpoena from California to counsel in the District, seeking records that Plastics houses in Delaware and was required to produce in California, does not rise to a purposeful availment of conducting activities within the District of Columbia.") (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474–76 (1985)); *see generally id.* at 13–20. Further, communications between Defendant in California and Plastics in the District about the subpoena are not the type of contacts that establish purposeful availment of the privileges of conducting activities here. *Id.* at 13. Plastics makes no arguments that would cause the court to alter these rulings.

As for Plastics' arguments that jurisdiction should lie under subsections (a)(3) and (a)(4), Plastics has offered nothing new that would cause the court to think about these prongs differently. Subsections (a)(3) and (a)(4), respectively, provide a court with personal jurisdiction over a non-resident party "who caus[es] tortious injury" here "by an act or omission *in* the District[,]" D.C. Code § 13-423(a)(3) (emphasis added), or "by an act or omission *outside* of the District . . . if [they] . . . engage[] in any other persistent course of conduct" in the District, *id.* § 13-423(a)(4) (emphasis added). The court reaffirms its prior holding that the exercise of jurisdiction under subsection (a)(3) is not proper "based on [Defendant's] limited mailings and communications from outside the jurisdiction." TRO Mem. Op. at 19–20; *see also Moncrief*, 807 F.2d at 220–21 (finding that the mere mailing of a defamatory statement into the District does not satisfy subsection (a)(3) because there must be some distinction between the "injury" and the "act"). And as to subsection (a)(4), the Amended Complaint fails to any allege jurisdictional contacts with the

8

District other than those associated with the subpoena to establish a "persistent course of conduct." *See generally* Am. Compl. To the extent Plastics relies on evidence outside the complaint, Pl.'s Opp'n at 22, it is the same as what that the court found previously lacking, *see* Renewed TRO Mem. Op. at 7–8.

*Third*, Defendant's post-suit contacts with the District do not make out a plausible basis for exercising personal jurisdictional. Plastics cites Defendant's attempt to personally serve his California state court enforcement petition on Plastics in the District after this action commenced. *See* Pl.'s Opp'n at 19–20. The court is skeptical that such post-suit conduct can count as relevant jurisdictional contacts. *See* Renewed TRO Mem. Op. at 6 n.4; *Allen v. Russian Fed'n*, 522 F. Supp. 2d 167, 193–94 (D.D.C. 2007) (reasoning that "the filing of a 'lawsuit' (not a complaint) determines the time in which personal jurisdiction contacts are considered" such that "personal jurisdiction contacts are determined at the time the initial complaint is filed, and . . . [do] not change even when an amended complaint is filed"). But even if they can, Defendant never succeeded at in-person service of his enforcement petition and had to resort to service by email. Am. Compl. ¶ 14. Plastics' "acceptance of process by email is not a meaningful jurisdictional contact with the District." Renewed TRO Mem. Op. at 6–7.

## IV.   CONCLUSION

For the foregoing reasons, Plastics has failed to plausibly allege a factual basis for personal jurisdiction in this case. Accordingly, Defendant's Motion to Dismiss, ECF No. 30, is granted, and this action is hereby dismissed. A final, appealable order accompanies this Memorandum Opinion.

Dated: April 7, 2025

Amit P. Mehta
United States District Court Judge